NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231210-U

NOS. 4-23-1210, 4-23-1211 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 8, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* H.H., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Tazewell County |
|     Petitioner-Appellee, | ) | No. 23JA90 |
|     v.      (No. 4-23-1210) | ) | |
| Casey H., | ) | |
|     Respondent-Appellant). | ) | |
| -------------------------------------------------------------------- | ) | |
| *In re* A.H., a Minor | ) | No. 23JA91 |
| | ) | |
| (The People of the State of Illinois, | ) | |
|     Petitioner-Appellee, | ) | |
|     v.      (No. 4-23-1211) | ) | Honorable |
| Casey H., | ) | David A. Brown, |
|     Respondent-Appellant). | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Harris and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, holding (1) respondent's concession that he was unable to care for the minors was sufficient to support the trial court's dispositional order, (2) his challenge to the court's fitness finding was moot as the court only needed one basis to support the dispositional order, and (3) even if mootness did not apply, the court's finding of unfitness was not against the manifest weight of the evidence.

¶ 2    Respondent, Casey H., appeals from the trial court's order finding him unfit and unable to care for his minor children, H.H. (born May 2021) and A.H. (born August 2022). The court also found the minors' mother, Angel R., unfit, but she is not a party to this appeal.

Respondent argues the court's finding of unfitness was against the manifest weight of the evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On June 6, 2023, the State filed a petition for adjudication of wardship alleging H.H. and A.H. were neglected under section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2022)) in that their environment was injurious to their welfare. The State alleged Angel contacted the Illinois Department of Children and Family Services (DCFS) because she was experiencing mental health and alcohol difficulties and DCFS had no contact information for respondent. DCFS later determined respondent was in jail for armed robbery, armed violence/possession of a dangerous weapon during the commission of a felony, aggravated battery (two counts), retail theft (two counts), mob action, and battery for events that occurred on March 24, 2023 (Kendall County case No. 23-CF-475). The State provided respondent's criminal history, which included the following convictions: (1) possession of "15<299 Object/Part LSD" (Kendall County case No. 16-CF-366), (2) driving under the influence of drugs (Kendall County case No. 16-DT-191), (3) corporal injury on spouse/cohabitant (Fresno County, California case No. F22901323), and (4) dissuading a witness by force (Fresno County, California case No. F22901625). At the time the petition was filed, respondent had two active warrants in California for a probation violation. The trial court entered an order granting temporary custody of the minors to DCFS.

¶ 5        On August 29, 2023, respondent filed his answer to the State's petition, wherein he stipulated the State had evidence to prove the aforementioned allegations. The trial court proceeded to an adjudicatory hearing. DCFS caseworker Kevin Pfeifer testified respondent was not present when the cases were opened, and he later learned respondent was in jail awaiting trial

on various felony charges. Pfeifer also testified the case was opened as a result of Angel's mental health and alcohol addiction issues and protective custody of the minors was taken when Angel's mental health failed to stabilize. The guardian *ad litem* (GAL) asked the court to find the petition proven as to respondent because he stipulated to the allegations in the petition. The court found the State proved the petition by a preponderance of the evidence.

¶ 6        On October 25, 2023, the trial court held a dispositional hearing. Caseworker Raevenn Heerman discussed her report and informed the court that respondent had been released from jail three days prior and was in the process of searching for employment and housing. Heerman was unsure if the charges against respondent were dropped or if he was out of custody on pretrial release. She scheduled an appointment with respondent to complete an integrated assessment. Respondent testified he was found not guilty on all charges in the Kendall County case and was on pretrial release for a pending misdemeanor matter out of Kane County. Respondent testified he was self-employed as a professional tattoo artist and had been staying at his sister-in-law's house in Yorkville, Illinois. Respondent testified his goal was to gain custody of the minors, but it was not feasible at the time of the hearing because he needed to obtain employment and a stable home. Respondent testified he communicated with the caseworker and scheduled visitation.

¶ 7        The State asked the trial court to give DCFS guardianship of the minors with the right to place. As to respondent, the State argued he was unfit due to his extensive criminality and the items listed in the petition were sufficient to support such a finding. Counsel for respondent stated:

> "As far as [respondent's] concerned, he has no objection to the service recommendations within the report. Based on his testimony today, one of the

charges that was referenced in the petition was dismissed because he was found not guilty. I think he's more of an unable status at this point which he's admitted and, you know, he set up visitation. He's cooperating. We would just be asking that he be found unable due to lack of stable housing at this point."

¶ 8        The GAL asked the trial court to find respondent unfit based on the stipulated allegations in the petition, the caseworker's report, and the testimony presented. The court entered a dispositional order and found it was in the best interest of the minors to be made wards of the court. The court found respondent unfit based on his criminality and unable due to his housing.

¶ 9        This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11        The Juvenile Court Act provides a two-step process for the trial court to decide whether a minor should become a ward of the court. *In re A.P.*, 2012 IL 113875, ¶ 18. The first step is the adjudicatory hearing on the State's petition for adjudication of wardship. At this stage, the court must consider whether the minor is abused, neglected, or dependent. 705 ILCS 405/2-18(1) (West 2022). If the court makes such a finding, then the court determines whether it is consistent with the health, safety, and best interest of the minor and the public that the minor be made a ward of the court. 705 ILCS 405/2-21(2) (West 2022). When a minor is made a ward of the court, the court determines the proper disposition, which may include removal of the minor from the custody of their parents. 705 ILCS 405/2-22(1) (West 2022). A finding on any one of these three grounds—unfit, unable, or unwilling—provides a proper basis for removal of a minor. *In re Lakita B.*, 297 Ill. App. 3d 985, 992 (1998).

¶ 12        The trial court's dispositional order will be reversed only if the court's findings of fact are against the manifest weight of the evidence or if the court committed an abuse of discretion

by selecting an inappropriate dispositional order. *In re J.W.*, 386 Ill. App. 3d 847, 856 (2008). A trial court's finding is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or the decision is unreasonable, arbitrary, or not based on the evidence presented. *In re D.F.*, 201 Ill. 2d 476, 498 (2002).

¶ 13 Respondent argues the trial court's order finding him unfit and making the minors wards of the court was against the manifest weight of the evidence. Specifically, he argues he was acquitted of the Kendall County charges that served as a basis for the State's petition and his conduct did not contribute to the minors' injurious environment. The State contends respondent has waived his challenge to the court's dispositional order because he conceded he was unable, and therefore, whether he was also unfit is moot as the court only needs one basis to support removal.

¶ 14 This case is analogous to *Lakita B.*, 297 Ill. App. 3d 985. In that case, the respondent mother conceded during the dispositional hearing that she was unable and asked the trial court to find her unable instead of unfit or unwilling. *Lakita B.*, 297 Ill. App. 3d at 990. The court found her to be unfit and unable. *Lakita B.*, 297 Ill. App. 3d at 991. On appeal, the respondent mother argued the court's finding that she was unfit was against the manifest weight of the evidence. *Lakita B.*, 297 Ill. App. 3d at 991. The First District explained custody of a minor can be taken away if the parent is adjudged to be either unfit, unable, or unwilling. *Lakita B.*, 297 Ill. App. 3d at 992. When the respondent conceded she was unable, she waived her challenge to the trial court's fitness finding. *Lakita B.*, 297 Ill. App. 3d at 991-92. Thus, the appellate court found that a finding of unable was sufficient alone to support the trial court's judgment and the issue of the trial court's additional finding that the respondent was unfit was moot. *Lakita B.*, 297 Ill. App. 3d at 992-93; see *In re Harriet L.-B.*, 2016 IL App (1st) 152034, ¶ 31 (collecting cases).

¶ 15 The same reasoning applies to the case at bar. Respondent conceded he was unable to care for the minors at the dispositional hearing, and the trial court found him unfit *and* unable. Respondent continues to concede on appeal that he was unable. The issue respondent now raises, *i.e.*, whether the court's finding that he was unfit was against the manifest weight of evidence, is moot because the court's finding that he was unable still stands. The court only needed one ground to provide a proper basis for removal. *Lakita B.*, 297 Ill. App. 3d at 992.

¶ 16 Even assuming, *arguendo*, the issue of respondent's fitness was not moot, his argument would nonetheless fail. When determining one's fitness to act as a parent, the focus is on the parent in question instead of the child's best interest. *In re M.B.*, 332 Ill. App. 3d 996, 1004 (2002). Here, the trial court found respondent unfit due to his criminality. Respondent contends the court made no specific mention of any actual criminal convictions and one could reasonably assume the court improperly relied on the acquitted charges when finding him unfit. However, there is no evidence in the record on appeal showing the court considered the acquitted charges, and we presume the court knew the law and applied it properly absent affirmative evidence to the contrary. *In re N.B.*, 191 Ill. 2d 338, 345 (2000). Further, the record supports that the court was made aware of the acquitted charges by the caseworker's and respondent's testimonies. Even without considering the acquitted charges, respondent had a history of criminality that rendered him unfit at the time of the dispositional hearing. The evidence showed respondent had four convictions, two active warrants, and a pending misdemeanor in Kane County for which he was on pretrial release. Therefore, the court's dispositional order finding respondent unfit was not against the manifest weight of evidence.

¶ 17 III. CONCLUSION

¶ 18 For the reasons stated, we affirm the trial court's judgment.

¶ 19　　　　Affirmed.